[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Jon T. Lorenson and Terry-Pat Associates appeal from a ruling of the defendant planning commission which denied their application for a two lot subdivision of their property in Simsbury.
Plaintiff Terry-Pat is the owner of the parcel in question, CT Page 4087 which consists of 35.5 acres of land in Simsbury. Plaintiff Lorenson holds a development easement on a portion of that property consisting of 4.1 acres. The plaintiffs jointly applied for the subdivision. Based on these facts, which were stipulated by the parties, the court holds that the plaintiffs are aggrieved by the defendant's ruling and have standing to bring this appeal.
The case arises in the context of General Statutes 8-25
and sections III-9 and III-13 of the town's subdivision regulations. The statute reads, in relevant part, as follows:
 (subdivision) regulations shall also provide that the commission may require the provision of open space . . . when, and in places, deemed proper by the planning commission, which open spaces . . . shall be shown on the subdivision map.
Section III-9 of the regulations, following the statutory mandate, provides in relevant part, as follows;
 b. Unless otherwise determined upon the affirmative vote of two-thirds (2/3) of the Commission members present and acting upon the subdivision or re-subdivision application concerned, the Commission shall, in all subdivisions or re-subdivisions, require twenty percent (20%) of each subdivision or re-subdivision to be dedicated to the Town as public open space, parks, or playgrounds.
Section III-13 of the regulations provides, in relevant part, as follows:
 The Commission may waive or vary certain specific requirements under these regulations by a three-quarter (3/4) vote of all members of the Commission provided that all of the following apply:
 a. A condition exists which affects the subject land and is not generally applicable to other land in the area.
 b. The granting of the waiver will have no significant effect on adjacent property or on the public health and safety.
 c. The granting of the waiver does not alter or vary any other town regulations such as zoning or inland wetlands. CT Page 4088
The plaintiffs filed an application to subdivide the property into two parcels, one consisting of 4.2 acres which would be developed immediately by Lorenson and the other consisting of 31.3 acres which would be retained by Terry-Pat for possible future development. Their subdivision plan map shows an open space area of .86 acre on the 4.2 acre parcel but no open space area on the 31.3 acre parcel. With their application the plaintiffs requested a waiver of the open space regulations to the extent that they might require that 20% of the entire property be reserved and that that entire open space be shown on the map. Instead, they offered a commitment to "dedicate up to 6.3 acres on the northerly parcel of land to meet the lawful requirements for open space" at the time site plan approval for the development of that parcel might be sought in the future. The defendant commission denied the waiver and the application on the basis that the statute and regulations require that the subdivision application, including the map, specify the precise location of open space in both parcels and that the total open space must amount to at least twenty percent of the entire property. This court agrees with the defendant commission.
The plaintiffs base their appeal on three major contentions. The first is that the commission construed the statutes and regulations in an unreasonable manner in requiring that the entire twenty percent open space be designated on the subdivision map. Instead, they contend that it is sufficient to make a commitment to reserve the twenty percent but without specifying its location within the property. They call this concept "floating open space." They argue that future development plans would be hampered if they were forced to decide irrevocably in advance what portion of the property is unavailable for development. The short and complete answer to this argument is that the plain words of the statute require that the location of the open space be "shown on the subdivision plan." A corresponding provision is contained in section IX-2-j of the subdivision regulations. The defendant commission could not reasonably interpret the statutory provision or its regulations to permit an amorphous, "floating" open space area. Ganim v. Roberts, 204 Conn. 760, 763 (1987).
The plaintiffs' second argument is that the defendant commission's interpretation and application of the statute and regulations violate their rights of due process, citing Aunt Hack Ridge Estates, Inc. v. Planning Commission of Danbury, et al, 160 Conn. 109 (1970). That case held generally that the open space requirements of section 8-25 of the statutes constitute a valid exercise of the police power of the legislature. In so holding, the court noted that the public welfare rationale for such legislation is that the subdivision and development of CT Page 4089 land tend to increase its use and are, therefore, "productive of the need for open space." Thus, the requirement "is uniquely attributable to the subdivider's activity." Id., 117-119. The plaintiffs argue that this reasoning would require the exemption of any land which is subdivided but which is not scheduled for development. That is simply a misreading of the supreme court's decision, the whole thrust of which was to validate the statute for cases such as the one at bar. "It is clear that the requirement which is cast upon the plaintiff . . . is uniquely and solely attributable to its activity in undertaking to establish a subdivision." Aunt Hack Ridge Estates, Inc. v. Planning Commission, supra, 119. The plaintiffs have not, therefore, established any violation of their right of due process.
The final claim of the plaintiffs is that the defendant commission abused its discretion in not granting a waiver of the open space regulations. The power of the commission to waive requirements of the subdivision regulations is governed by General Statutes 8-26. That statute reads, in relevant part, as follows:
 (Subdivision) regulations may contain provisions whereby the commission may waive certain requirements under the regulations by a three-quarters vote of all the members of the commission in cases where conditions exist which affect the subject land and are not generally applicable to other land in the area, provided that the regulations shall specify the conditions under which a waiver may be considered and shall provide that no waiver shall be granted that would have a significant adverse effect on adjacent property or on public health and safety.
The corresponding provision in the Simsbury regulations is in section III-13, supra. The plaintiffs do not claim that the specific statutory and regulatory conditions justifying a waiver existed in this case. Instead, they argue that the commission should have in effect waived the open space requirements by altering them in accordance with section III-9-b of the regulations, supra. That section permits the commission by a two-thirds vote to modify the open space requirements. It contains no criteria or limitations on the commission's power to do so. However, section III-9 of the regulations does not and cannot empower the commission to waive requirements of the regulations except in strict compliance with section 8-26 of the statutes. Arnold Bernhard Co. v. Planning and Zoning Commission of Westport, 194 Conn. 152, 159 (1984). Accordingly, the defendant commission acted correctly in considering the plaintiffs' request for a waiver under section III-13 of the CT Page 4090 regulations, which does comply with the statute. As indicated above, however, there is nothing in the record indicating that the plaintiffs' request satisfied any of the criteria set forth in that section. In particular, there is no evidence that any condition existed which affected the plaintiffs' land and was not generally applicable to other land in the area. Accordingly, the commission did not abuse its discretion in denying the request.
For all of the above reasons, the plaintiffs' appeal may not be sustained, and judgment shall enter in favor of the defendant commission.
Maloney, J.